UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FRANK A. PARKMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>　　　　　　Defendant. | NO. 3:24-cv-00009<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE WASHINGTON STATE CONSUMER PROTECTION ACT, *INTER ALIA*<br><br>**JURY DEMAND** |

COMES NOW, Plaintiff, FRANK A. PARKMAN, by and through his attorney, SARAELLEN HUTCHISON, and complains against the Defendant as follows:

### I.　　STATEMENT OF THE CASE

This is an action for injunctive relief to prevent further harm to Plaintiff and to prevent future harm to other Washington consumers and citizens and to prevent Defendant's future violations of the Washington State Consumer Protection Act (CPA) and the Fair Credit Reporting Act (FCRA).

### II.　　PARTIES

2.1　Plaintiff, FRANK A. PARKMAN ("Plaintiff") is a natural person who resides in Seattle, Washington.

2.2     Defendant NAVY FEDERAL CREDIT UNION ("Defendant") credit reported an inaccurate balance on Plaintiff's bank account used for personal, family and household purposes.

2.3     Plaintiff is a victim of identity theft, and the balance of his accounts with Defendant are falsely inflated with charges that Plaintiff did not authorize or initiate.

2.4     Defendant is a credit union doing business in all fifty states pursuant to NMLS number 399807.

2.5     Defendant furnishes information to the credit reporting agencies and is therefore a "furnisher" within the meaning of the FCRA, 15 U.S.C. §1681s-2 et seq.

2.6     Plaintiff is a "consumer" as contemplated by the Consumer Protection Act (CPA) and a "consumer" pursuant to the FCRA, and Plaintiff acted as a "consumer" at all times relevant to this litigation.

2.7     Defendant's attempts to collect a fraudulent debt are at the heart of this litigation.

### III.     JURISDICTION AND VENUE

3.1     Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute involves federal law, where all acts at issue and described herein occurred in this district, where the injury to Plaintiff occurred in this district, and where Plaintiff is a resident of this district. 15 U.S.C. §1681p; 28 U.S.C. §1391(b); 28 U.S.C. §1331.

3.2     Defendant is also liable unto Plaintiff pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367 et seq.

### IV.     FACTS

4.1     Plaintiff, FRANK A. PARKMAN ("Plaintiff") is a United States Marine Corps veteran.

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

4.2    In 2022, Plaintiff was working as a delivery driver, which is a very dangerous job in Seattle due to the high incidence of drug-related and property crimes.

4.3    On June 3, 2022, Plaintiff was a victim of armed robbery in front of Ballard High School in Seattle while Plaintiff was working as a delivery driver.

4.2    A man and a woman, both armed, stole his wallet while Plaintiff was finishing his delivery

4.3    Plaintiff narrowly missed getting shot.

4.4    The other details are described in Seattle police report, number 2022-140568.

4.5    This is how the thieves got a hold of his personal and banking information.

4.6    On October 22, 2022, Plaintiff was a victim of another robbery while Plaintiff was making a delivery to the 7-Eleven at 20008 International Blvd. in SeaTac near the airport.

4.7    A thief stole his wallet and cell phone while Plaintiff was unloading his truck.

4.8    This is how another thief got a hold of his personal and banking information.

4.9    The assault is detailed in Seattle police report C22035168 and includes details about the ID theft Plaintiff had been already suffering at the time of the second assault.

4.10   Following each robbery, Plaintiff noticed many unauthorized transactions on his checking and savings accounts with Defendant.

4.11   Plaintiff also noticed unauthorized transactions on his Capital One checking, Acorns retirement, and Robin Hood investments accounts.

4.12   Plaintiff also started noticing a collection account with Midland Credit Management for medical services in Florida that Plaintiff never received.

///

///

PLAINTIFF'S COMPLAINT — 3

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

4.13 When Plaintiff disputed with Defendant, Defendant gave him a run-around and continued to hold him responsible for charges Plaintiff did not authorize or initiate, and charged additional late fees and interest on those unauthorized charges.

4.14 Defendant charged Plaintiff fees for bounced checks that Plaintiff didn't write.

4.15 Defendant demanded that Plaintiff pay fees accrued during the timeframe of the fraudulent activity.

4.16 Plaintiff went in-person to Defendant's branch multiple times, but each time, he was treated dismissively and told to call an 800 number to speak with someone on the east coast after sitting on hold.

4.17 Plaintiff disputed Defendant account ending in *5276 to the credit reporting agencies Equifax, Experian and Trans Union, first through a credit repair company, and then with a detailed letter enclosing his police reports and FTC identity theft affidavit.

4.18 On information and belief, Equifax, Experian and Trans Union forwarded Plaintiff's disputes to Defendant, and Defendant responded verifying that the entire balance comprised of many fraudulent charges, late fees and interest stemming from the fraud belonged to Plaintiff.

4.19 At this point, Defendant is still holding him responsible for $14.99 in bounced check fees on the savings account and $2,179 in charges Plaintiff did not make.

4.20 Defendant has credit reported Plaintiff in a derogatory status for months, despite his many hours of trying to get everything corrected.

4.21 Defendant still has him locked out of his own accounts.

4.22 Defendant persists in reporting Plaintiff's accounts as a "charge off" but this is due to fraud and not his doing.

4.23 The final unpaid balance of $2,179 is fraudulent and unauthorized.

4.24 This has ruined his credit.

4.25 The way Defendant is reporting him caused him to have a 21.99% interest rate on the most recent car loan Plaintiff took out.

4.26 Plaintiff also has a boat loan with Defendant.

4.27 Plaintiff lives in a boat because it is the way Plaintiff can live in Seattle affordably.

4.28 When Plaintiff disputed the fraud on his checking and savings accounts with Defendant, Defendant prohibited Plaintiff from making payments on his boat loan from the checking or savings account.

4.29 Plaintiff pleaded with Defendant for months to accept payment on the boat loan, but Defendant refused to accept Plaintiff's payments, manipulating the situation so that Defendant could impose even more late fees on Plaintiff.

4.30 Finally, Plaintiff was able to open a different checking account at a different bank nfrom which he could make payments on the boat loan.

4.31 Defendant is reporting Plaintiff as 90 days late on his boat loan, even though the situation was manufactured by Defendant.

4.32 Defendant made Plaintiff's life worse right after the robberies.

4.33 Plaintiff is aware that Defendant has been in trouble with regulators due to Defendants' abuses of veterans and servicemembers.

4.34 Pursuant to the CFPB Consent Order 2016-CFPB-0024, Defendant was found to have used false threats to collect debts and place unfair restrictions on account access, just as it has done to Plaintiff.

PLAINTIFF'S COMPLAINT                    5

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

4.35   Plaintiff seeks damages for the harm to his credit and reputation and emotional distress, among other harms and losses proximately caused by Defendant.

4.36   Plaintiff also seeks injunctive relief against Defendant under the Washington State Consumer Protection Act to fix this problem and protect other consumers.

## V.   FIRST CAUSE OF ACTION

(Washington State Consumer Protection Act)

5.1   Plaintiff re-alleges sections 1 through 4, inclusive as though fully set forth herein.

5.2   Washington's Consumer Protection Act ("CPA") states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

5.3   The CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Defendant is a "business," this case involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in his property by Defendant's actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

5.4   Defendant, unfairly and/or deceptively, has persisted in collection efforts against a consumer who has repeatedly told them he is a victim of identity theft.

5.5   Defendant, unfairly and deceptively refused to conduct reasonable fraud investigations and reverse unauthorized transactions.

5.6   Defendant unfairly and deceptively refused Plaintiff access to his own accounts.

5.7   Defendant unfairly and deceptively imposed fees on Plaintiff.

5.8   Trying to solve this problem on his own has taken Plaintiff unreasonable time, expense, frustration and inconvenience caused by Defendant.

5.9 Plaintiff believes and therefore avers that Defendant finds it more profitable to pursue victims of identity theft instead of doing the right thing and reversing fraudulent charges.

5.10 Defendant's conduct in this case is consistent with the conduct that led to a consent decree against Defendant back in 2016, and Defendant has apparently not changed its ways.

5.11 Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

5.12 Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

5.13 Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington consumers and citizens from similar harm.

## VI. SECOND CAUSE OF ACTION

(Federal Fair Credit Reporting Act – 15 U.S.C. §1681s-2(b))

6.1 Plaintiff re-alleges sections 1 through 5, inclusive as though fully set forth herein.

6.2 Creditors or furnishers of information to credit reporting agencies do not fulfill their respective duties to conduct a reasonable investigation into the accuracy and validity of a disputed account simply by reciting the information which is already contained within the consumer credit or account file. Diprinzio v. MBNA America Bank, N.A., 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005).

6.3 Defendant violated 15 U.S.C. §1681s-2(b) by continuing to furnish information to CRAs without also noting that the debt was disputed; by failing to fully and properly investigate the Plaintiff's disputes of Defendant's representations; by failing to review all relevant information regarding same; by failing to accurately respond to CRAs; by failing to correctly report results of an accurate investigation to another credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants' representations to the consumer credit reporting agencies.

PLAINTIFF'S COMPLAINT — 7

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

6.4  As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

6.5  Defendant's conduct, action and inaction were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

6.6  In the alternative, Defendant was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

6.7  Plaintiff is entitled to recover costs and attorneys' fees from Defendant pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

A.  For an Injunction preventing Defendant from ever again preventing a consumer from access to his accounts, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

B.  For an Injunction preventing Defendant from ever again defaulting a consumer over a balance that is the result of fraud or identity theft, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

C. For an Injunction preventing Defendant from ever again charging interest or late fees on balances that are due to identity theft or fraud, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

D. For an Injunction preventing Defendant or anyone else from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

E. For an Injunction preventing Defendant from ever selling, transferring, or assigning the debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

F. For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 *et seq.*, and various common law claims;

G. For Incidental and Consequential damages in an amount to be proven at trial;

H. For treble Plaintiff's Actual Damages up to the amount of $25,000, pursuant to RCW 19.86, *et seq.*;

I. For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1681 and RCW 19.86 *et seq.*;

J. For interest on the above amounts as authorized by law;

K. For other relief as the Court deems just and equitable; and

PLAINTIFF'S COMPLAINT — 9

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

L.      For leave to amend this complaint as needed and as required.

M.      For leave to seek Fed. R. Civ. Pro 23(b) status if information becomes available through discovery supporting the need for class action status.

### VIII.   REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7 and Federal Rule of Civil Procedure 38.

Dated this 3rd day of January, 2024.

Respectfully submitted,

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA No. 36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
E-mail: saraellen@saraellenhutchison.com